UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CA'DARUS JOHNSON,

    Plaintiff,

v.                                                    Case No. 8:21-cv-2010-VMC-SPF

WILDERLY MAURICETTE d/b/a
Mauricette Pictures,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Motion for Preliminary Injunction (Doc. 7), which the District Judge has referred to the undersigned for a report and recommendation (Doc. 8). A hearing on the motion was held on November 15, 2021. (Doc. 29). Despite indicating an intention to do so, Defendant failed to file a response to Plaintiff's motion and failed to appear at the hearing. (*See* Docs. 10, 17, 18, 21, 22, 23, 29). In fact, Clerk's Default has been entered against Defendant. (*See* Docs. 27, 28). For the reasons more fully discussed below, it is recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 7) be granted.

## FACTUAL BACKGROUND

Plaintiff wrote a movie script ("Script") (Doc. 7-2) titled *Monopoly Money*, registered the Script with the Register of Copyrights on February 28, 2021, and was assigned the registration number PAu 4-078-997 (Doc. 1-2). (Doc. 7-3 at ¶ 3). Plaintiff approached Defendant in 2016 about the prospect of turning the Script into a film. (Doc. 7-3 at ¶ 4).

Defendant indicated he was interested, and the parties verbally agreed that Defendant would be allowed to work on certain aspects of the film as long as Plaintiff was involved with the film's entire production and had ultimate approval over each aspect of the production. (Doc. 1-1 at ¶ 4).

Plaintiff states that, in March 2021, Defendant told Plaintiff that he no longer wanted Plaintiff working on the film and that Defendant would be making decisions regarding the film's production without Plaintiff's approval. (Doc. 1-1 at ¶¶ 6-7). Plaintiff explicitly revoked any nonexclusive rights Defendant may have had to use the Script in March and again in April of 2021. (Doc. 1-1 at ¶ 8). Without Plaintiff's authorization, Defendant completed a derivative work of the Script in August 2021—a film called *Monopoly Money The Movie* ("Film")—which allegedly copies the content of the Script in its entirety. (Doc. 7-3 at ¶ 5; Doc. 7-4). Defendant released the Film on August 21, 2021. (Doc. 7-3 at ¶ 6). At the time Plaintiff filed his Complaint (Doc. 1) alleging a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 106, Defendant was promoting a second release of the Film to take place on September 11, 2021. (Doc. 7-3 at ¶ 8). Plaintiff now moves for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) and 17 U.S.C. § 502 to enjoin Defendant's allegedly infringing activities.

## LEGAL STANDARD

Parties seeking a preliminary injunction bear the burden of establishing their entitlement to relief. *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood

of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotation marks and citation omitted).  If a party establishes the right to a preliminary injunction, its scope "must be 'narrowly tailored to fit specific legal violations, because the district court should not impose unnecessary burdens on lawful activity.'" *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 299 (2d Cir. 1999)).

## ANALYSIS

Plaintiff's Declarations (Doc. 1-1; Doc. 7-3) and other evidence, submitted in support of his Motion for Preliminary Injunction, support the following conclusions of law:

A. Plaintiff has established a substantial likelihood of success on the merits as Plaintiff has demonstrated: (1) ownership of a valid copyright (Doc. 1-2), and (2) copying of constituent elements of the copyrighted work that are original.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Pohl v. MH Sub I LLC*, 770 F. App'x 482, 486 (11th Cir. 2019) ("A certificate of registration 'constitute[s] prima facie evidence of validity of the copyright and of the facts stated in the certificate.'") (quoting 17 U.S.C. § 410(c)).

3

B. Because of the alleged infringement of Plaintiff's copyrighted material, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. *See Virgin Records Am., Inc. v. Courson*, No. 3:07-cv-195-J-33MCR, 2007 WL 3012372, at *2 (M.D. Fla. Oct. 12, 2007) ("Copyright infringements are presumed to cause irreparable harm.").

C. The potential harm to Defendant in restraining the allegedly infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, his reputation and goodwill, if such relief is not issued. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290-91 (S.D. Fla. 2016). Defendant faces no hardship in being prohibited from infringement of Plaintiff's Script, which is an illegal act. *See id.*

D. The public interest favors issuance of the preliminary injunction for the protection of copyright interests and to support creative pursuits and stimulate artistic creativity for the general public good. *See Virgin Records*, 2007 WL 3012372, at *2; *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975).

E. Under Rule 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, "it is well-established that the amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court, and the court may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 971 (11th Cir. 2005) (internal quotation marks, alterations, and citation omitted). Plaintiff requests that

no bond be required. Because the Court has determined that Plaintiff has a high probability of succeeding on the merits of his copyright infringement claim, it is recommended that no bond be required.

Accordingly, after weighing the appropriate factors, it is hereby **RECOMMENDED**:

(1) Plaintiff's Motion for Preliminary Injunction (Doc. 7) be **GRANTED**, and no bond be required as a condition of the preliminary injunction.

(2) A preliminary injunction be entered, and Defendant be enjoined as follows:

    a. Defendant and his agents, servants, employees, affiliated entities, and all of those in active concert with them shall immediately cease the reproduction, distribution, and/or public performance of the Script and/or any works derived therefrom (including without limitation the Film called *Monopoly Money The Movie*), and desist from all such infringing conduct; and

    b. Defendant shall place any and all revenue derived from the reproduction, distribution, and/or public performance of the Script and distribution of the Film called *Monopoly Money The Movie* into an escrow account.

**IT IS SO REPORTED** in Tampa, Florida, this 9th day of December 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc: Hon. Virginia M. Covington